UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD STURGIS,

    Plaintiff,

v.

STATE OF MICHIGAN,

    Defendant.

_____/

Case No. 18-12955

HON. AVERN COHN

**ORDER DENYING MOTION FOR RECONSIDERATION (Doc. 6)**

I.

This is a prisoner civil rights case. Plaintiff Donald Sturgis, a state prisoner proceeding pro se and without prepayment of the filing fee, claimed that defendant, the State of Michigan, violated his constitutional rights by failing to follow its own laws and rules in denying him parole. The Court dismissed the complaint for failure to state a viable claim. (Doc. 5). Before the Court is plaintiff's motion for reconsideration. (Doc. 6). For the reasons that follow, the motion is DENIED.

II.

E.D. Mich. LR 7.1 (h) allows a party to file a motion for reconsideration. Under the rule, a motion for reconsideration may only be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the defect will lead to a different disposition of the case. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. Ford Motor Co. v. Greatdomains.com, Inc., 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001).

III.

Plaintiff has not satisfied the above standard. Plaintiff says that the Court erred in considering the complaint as brought under § 1983 as he asserted claims under additional federal statutes and now seeks only to assert a claim under 28 U.S.C. § 1343. This statute gives federal courts original jurisdiction to hear civil claims over "any Act of Congress providing for the protection of civil rights." See § 1343(a)(4). Section 1343, however, merely grants the Court jurisdiction to hear civil actions claiming violations of civil rights; it does not provide a basis for substantive relief.

Moreover, as the Court explained, plaintiff named the "State of Michigan" as defendant. It appeared that he intentionally named the State of Michigan rather than the Parole Board or its members because he wanted to avoid having his case heard in the United States District Court for the Western District of Michigan (where the Parole Board and its members reside). See Complaint, Doc. 1, at p. 2-4. Regardless of what statute is asserted, the complaint against the State of Michigan is barred by the Eleventh Amendment, as explained in the dismissal order.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 11/19/2018
Detroit, Michigan